NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:09-CV-004-KSF

WALTER POWELL                                                                                          PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA, et al.                                                          DEFENDANTS

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Walter Powell, an individual currently incarcerated in the Federal Medical Center ("FMC"), in Lexington, Kentucky, has submitted a prisoner *pro se* complaint pursuant to 28 U.S.C. §1331 and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971); documents showing that he filed administrative complaints under the Federal Bureau of Prison's ("BOP") regulations and under the Federal Tort Claims Act; and a Motion to Proceed *in forma pauperis*. The Motion was granted by separate Order.

The Complaint is now before the Court for initial screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

In screening, as always for submissions by *pro se* litigants, the Complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in Plaintiff's Complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the

action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

## CLAIMS

Plaintiff, who is described as having spina bifida and as being a "bilateral, below knee amputee," claims that the Defendants have (1) been indifferent to his serious medical needs in violation of the Eighth Amendment; (2) discriminated against him in violation of federal law in the Americans with Disabilities Act and/or the Rehabilitation Act; and (3) neglected him, a tort under the Federal Tort Claims Act ("FTCA").

## DEFENDANTS

As the Defendants, Plaintiff has named the United States of America; FMC Warden Stephen M. Dewalt; the FMC; and the FMC's Clinical Director, Dr. Michael W. Growse.

## RELIEF

Plaintiff seeks damages and injunctive relief.

## FACTUAL ALLEGATIONS

Plaintiff has written that the complained-of events took place "on or about July 12, 2005 until the present, December 23, 2008." The following is a summary or construction of Powell's factual allegations about events in this time period, as he presents them in his Complaint, pages attached to the Complaint, and later-filed exhibits. *See* Record Nos. 1, 5.

Plaintiff alleges that when he arrived at FMC-Lexington, on December 15, 2004, he had a wheelchair and two artificial limbs and was using both types of aids. However, "intake staff" told him that he could not have both. "I knew I could not always wear the legs so I ultimately agreed (or was forced) to send the legs home." Shortly thereafter, however, a Captain Nestor, purportedly told

him that the Plaintiff should not have had to make that choice and that he, Nestor, would help him in obtaining new legs.

Plaintiff next alleges that he complied with all instructions and was measured for new legs, but, months later, was told that the order had been cancelled by Dr. Growse, "who said that he would not approve the expense." Plaintiff claims that it was only after he began filing for administrative remedies that he was given permission to have his legs sent back from his home.

Powell states that he did not receive that permission to use his own legs until two years after he was forced to surrender them; administrative documents show that he did not gain that permission until April of 2007. By then, he admits, he had gotten older and had gained weight such that the old legs did not fit correctly and caused a sore on one stump. "[T]he physical therapy department agreed that I would have to have new legs and so I was promised they would be order[ed.]" Plaintiff states that there was a second attempt to order new legs for him and a second wait but "[o]nce again," he was told that Dr. Growse had cancelled the order.

In the Warden's December 18, 2007, response to Plaintiff's grievance in Administrative Remedy No. 469778-F1, Dewalt states that by February 28, 2006, Powell had gained 60 pounds over his arrival weight, and that is the reason that his old legs did not fit. He also writes that by April of 2007, the Plaintiff had lost more than 30 pounds. "As you continue to lose the excess weight, the physical therapy staff will work with you to evaluate your size in relationship to your artificial limbs." Record No. 5.

Plaintiff appealed. The Regional Director's response of January 11, 2008, traces the issues of his weight, his weight loss, and his being scheduled for the next orthotic clinic. The Director concludes that "the orthotist feels that the prosthetic legs you already have can be successfully

3

adjusted . . . . Your condition has been sufficiently addressed. . . . There is no evidence to support your request for new artificial legs." Although he does not attach a copy, Plaintiff reports that in the last level of the BOP's administrative process, the National Office responded with the information that "new prosthetic leg sockets and all other components, including a gel lock system were ordered. Once the parts arrive, the Brace Clinic will repair your prosthetic legs. . . ."

Plaintiff alleges that once he had been saddled with the prison nickname of "no legs," he also filed the FTCA's administrative claim form. He has supplied a copy of that claim, which is dated January 09, 2008, and contains his rationale about his legs, which "don't fit me cause it's been 3 years since I had them on. This place is denying me proper exercise and to be able to walk cause they sent them home in the first place." The attached denial of the FTCA claim was dated June 25, 2008, and it includes several reasons that the BOP was denying the claim.

Powell alleges that when he signed and verified his complaint under penalty of perjury, on December 23, 2008, he had yet to receive anything. He states his belief that "certain muscles and other body parts are now weaker than before and my [sic] never re-adjust back to walking on artificial legs again." Plaintiff seeks a jury trial, damages from the Defendants, and "I also feel the government should buy me new legs."

## DISCUSSION

To state a claim that is cognizable as an action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), a plaintiff must plead two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of federal law. *Id.* at 397.

4

In his allegations, the instant Plaintiff has specified that he has been deprived of rights arising out of the Eighth Amendment to the U.S. Constitution and three creations of the U.S. Congress, *i.e.*, the Americans with Disabilities Act, the Rehabilitation Act, and the Federal Tort Claims Act. Additionally, he alleges that these rights were violated by several parties, acting under color of federal law. However, not all of those whom he names as Defendants are amenable to suit.

Absent an express waiver of sovereign immunity, suits for damages cannot be brought against the United States or its agencies. *United States v. Testan*, 424 U.S. 392 (1976). Since the United States and its agencies are immune from suit, they are entitled to dismissal from any lawsuit. *See Savage v. United States*, 450 F.2d 449, 451 (8th Cir. 1971) (42 U.S.C. §1983), *cert. denied*, 405 U.S. 1043 (1972); *Smallwood v. United States*, 358 F.Supp. 398 (E.D. Mo.) (42 U.S.C. §1985), *aff'd*, 486 F.2d 1407 (8th Cir. 1971). In this case, Federal Medical Center is not a suable entity. Because the Court does not have subject matter jurisdiction over the FMC, it will be dismissed from this lawsuit.

With regard to the persons who are named Defendants, the law is that "liability of supervisory personnel must be based on more than merely the right to control employees." *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 872 (6th Cir.1982). The plaintiff must allege that each defendant personally participated in unconstitutional acts which violated his rights, as a *Bivens* defendant can only be held liable if he acted knowingly and participated in the unconstitutional conduct. *Monell v. Dep't of Social Serv.*, 436 U.S. 658 (1978); *Sebastian v. United States*, 531 F.2d 900 (8th Cir. 1976), *cert. denied*, 429 U.S. 856 (1976). Defendants without personal involvement or participation in the unconstitutional acts must be dismissed. *Rizzo v. Goode*, 423 U.S. 362 (1976).

"[S]imple awareness of employees' misconduct does not lead to supervisor liability." *Leary*

*v. Daeschner*, 349 F.3d 888, 903 (6th Cir.2003) (citing *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir.1996)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'" and cannot be based upon merely *denying a grievance*. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999) (emphasis added).

In the case *sub judice*, Plaintiff has failed to allege any facts showing that Defendant Dewalt, the Warden, was personally involved in any complained-of action or had any part in Plaintiff's medical care or encouraged any specific incidents or implicitly authorized, approved or knowingly acquiesced to any conduct violating his rights. His sole role has been with the administrative remedy grievance program. Therefore, Warden Dewalt is entitled to dismissal from this lawsuit.

The other person listed as a Defendant in the instant Complaint is Dr. Growse, who is alleged to have cancelled two orders for new artificial legs for Powell. Plaintiff does not specify in what capacity he is suing the doctor-clinical director. To the extent that Plaintiff seeks to recover from Growse in his official capacity, "a *Bivens* claim [for damages] may not be asserted against a federal officer in his official capacity." *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991) (citing *Holloman v. Watt*, 708 F.2d 1399, 1402 (9th Cir. 1983), *cert. denied*, 466 U.S. 958 (1984); *Sanchez-Mariani v. Ellingwood*, 691 F.2d 592 (1st Cir. 1982); *see also Schweiker v. Chilicky*, 487 U.S. 412 (1988); *Butz v. Economou*, 438 U.S. 478, 512-14 (1978)). Therefore, the official capacity claims for damages against Dr. Growse will also be dismissed.

## CONCLUSION

The Court will direct that summons issue for the remaining Defendants to respond to the Complaint. As Powell has been granted *pauper* status, an Officer of the Court will serve process on his behalf pursuant to FED. R. CIV. P. 4(c)(2) and 28 U.S.C. § 1915(d). The Clerk's Office and the

Office of the United States Marshal ("USM Office") will be directed to serve the summons and Complaint as set forth below.

Accordingly, it is **ORDERED** as follows:

1. The following are dismissed from this action: Defendant FMC; Defendant Dewalt; and all claims for damages from Defendant Dr. Growse in his official capacity.

2. A Deputy Clerk shall prepare the documents necessary for service of process upon the following Defendants in this action:

   a. The United States of America;

   b. Dr. Michael W. Growse, in his individual capacity.

3. For each identified defendant, the Deputy Clerk shall prepare a "Service Packet" consisting of the following documents:

   a. the necessary summons forms pursuant to FED. R. CIV. P. 4;

   b. the Complaint [Record No. 1];

   c. the Order granting Plaintiff *in forma pauperis* status [Record No. 6];

   d. this Order; and

   e. a completed USM Form 285.

If the Clerk is unable to fully and accurately complete any of the documents described above, the Clerk shall set forth the reason in a docket entry.

4. Service of process shall be directed as follows:

   a. Service upon the United States of America shall be made by sending a Service Packet by certified or registered mail to:
      i. the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky; and
      ii. the Office of the Attorney General of the United States in

          Washington, D.C.; and
iii.    the Central Office of the Federal Bureau of Prisons in Washington, D.C.

    d.    Service upon Defendant Dr. Michael W. Growse shall be made by providing the USM Office in Lexington, Kentucky with a Service Packet to be personally served upon Dr. Growse at the FMC-Lexington, in Lexington, Kentucky through arrangement with the Federal Bureau of Prisons.

5.    The Lexington Deputy Clerk shall hand-deliver the Service Packet for each identified Defendant to the USM Office in Lexington, Kentucky and shall obtain a delivery receipt from the USM Office. The Deputy Clerk shall enter the delivery receipt into the record and note in the docket the date that the Service Packet was delivered to the USM Office.

6.    The USM Office shall serve a Service Packet upon each identified Defendant in the manner described in Step 3 above. The USM Office is responsible for ensuring that each Defendant is successfully served with process. In the event that an attempt at service upon a Defendant is unsuccessful, the USM Office shall make further attempts and shall ascertain such information as is necessary to ensure successful service.

7.    Within 40 days of the date of entry of this Order, the USM Office shall send a Service Report to the Clerk's Office, which the Deputy Clerk shall file in the record, which states whether service has been accomplished with respect to each identified Defendant.

    a.    For each Defendant to be served by certified mail, the Service Report shall include:
        i.    a copy of the green card showing proof of service; or
        ii.    a statement that the green card was not returned from the U.S. Postmaster, along with a "Track-and-Confirm" report from the U.S. Postal Service showing that a proof of delivery does not exist.

    b.    For each Defendant to be personally served, the Service Report shall indicate:

        i.    that the Defendant was successfully served personally, or

8

      ii.    a statement explaining what efforts are being taken to locate the Defendant and accomplish personal service.

8. The Plaintiff shall immediately advise the Clerk's Office of any change in his current mailing address. **Failure to do so may result in dismissal of this case**.

9. The Plaintiff must communicate with the Court *solely* through notices or motions filed with the Lexington Clerk's Office. ***The Court will disregard correspondence sent directly to the judge's chambers.***

10. With every notice or motion filed with the Court, the Plaintiff *must*:

    a.    mail a copy to each Defendant (or his or her attorney); and

    b.    at the end of the notice or motion, certify that he has mailed a copy to each Defendant (or his or her attorney) and the date on which this was done. ***The Court will disregard any notice or motion which does not include this certification.***

This 3rd day of March, 2009.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge